IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TYRONE DAVIS SMITH,

        Plaintiff,

    v.

WARDEN RANDALL R. HEPP,
MANAGER CANDI WHITMAN
and SECRETARY JON E. LITSCHER,

        Defendants.

OPINION AND ORDER

17-cv-396-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on September 14, 2017, I granted plaintiff Tyrone Davis Smith leave to proceed on his claims that defendants Randall Hepp, Candi Whitman and Jon Litscher violated plaintiff's Eighth Amendment rights by failing to address a known risk to his health posed by contaminated water in the Fox Lake prison facility. Dkt. #11. However, I stayed plaintiff's case pending resolution of <u>Rozak v. Hepp</u>, Case No. 15-cv-134 (W.D. Wis. filed Mar. 2, 2015), which concerns the same alleged water contamination problem and will likely resolve at least some of the issues plaintiff raises in his complaint. Now before the court are plaintiff's motion for a preliminary injunction, dkt. #14, and motion for use of release funds, dkt. #15. Both motions will be denied for the reasons explained below.

1

OPINION

A. <u>Preliminary Injunction</u>

In his motion for a preliminary injunction, plaintiff asks that I order his transfer to a safer correctional facility because the water at the Fox Lake Correctional Institution is posing an imminent danger to his health. I am denying plaintiff's motion for two reasons.

First, plaintiff's motion does not comply with this court's procedures for obtaining a preliminary injunction, which require a party to submit admissible evidence and proposed findings of fact to support the motion. A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997). <u>See also</u> <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."). To obtain a preliminary injunction, plaintiff must show that (1) likely to succeed on the merits; (2) he is likely to suffer irreparable harm without the injunction; (3) the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants; and (4) the injunction is in the public interest. <u>Judge v. Quinn</u>, 612 F.3d 537, 546 (7th Cir. 2010) (citing <u>Winter</u>, 555 U.S. at 20). In addition, the scope of a court's authority to enter an injunction in the context of prisoner litigation is limited by the Prison Litigation Reform Act, which requires that preliminary injunctive relief "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm" because prison officials have broad administrative and

discretionary authority over the institutions they manage.  Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012) (citing 18 U.S.C. § 3626(a)(2)).  Plaintiff has not made the necessary showing for preliminary injunctive relief and, given the complex nature of his allegations about the water quality at the correctional institution, it is unlikely that he has the facts, evidence or expertise necessary to support a motion for a preliminary injunction at this point.

Second, I stayed plaintiff's case because Rozak was an earlier-filed case involving allegations similar to those in plaintiff's complaint that would resolve the key issues raised by plaintiff.  Although a stipulation of dismissal was entered recently in Rozak, there is a second earlier-filed case in this district involving similar allegations about the water at the Fox Lake facility:  Stapleton v. Hepp, 16-cv-406-jdp (W.D. Wis. filed Jun. 10, 2016).  Counsel has been appointed in that case and the parties are arranging for the nomination of a water quality expert and toxicology reports.  Accordingly, I will deny plaintiff's motion for a preliminary injunction and continue the stay in this case pending the resolution of Stapleton.

### B.  Release Account Funds

Plaintiff asks that I order defendants to allow him access to his release account so that he may have meaningful access to the court to renew his motion for appointment of counsel when the time arrives.  In light of the stay, plaintiff's motion is moot at this point.  Even if it were not, I would have to deny it.

The use of inmate release account funds is governed by state law, which provides that "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision, except to purchase adequate clothing for release and for out-of-state release transportation." Wis. Admin. Code § DOC 309.466(2). It is up to prison officials to decide how to apply the release-account regulations; this federal court generally cannot tell state officials how to apply state law. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984). There is no federal law permitting this court to order prison officials to allow plaintiff to use his release savings account to pay for costs such as postage and copies that he incurs in litigating his case. It is only when a prisoner's general account has insufficient funds to pay an initial partial filing fee payment that the Prisoner Litigation Reform Act permits this court to order an institution to a prisoner's release account funds to satisfy that payment. E.g., Artis v. Meisner, No. 12-cv-589, 2015 WL 5749785, at *5-6 (W.D. Wis. Sept. 30, 2015) ("Absent some authority requiring the prison to disburse [plaintiff's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons . . . ." (emphasis in original)); Mosby v. Wommack, No. 08-cv-677, 2009 WL 2488011 (W.D. Wis. Aug. 12, 2009) ("[W]ith the exception of initial partial payments, [federal district courts] do not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account."). Accordingly, plaintiff's motion to allow him to use his release accounts funds will be denied.

ORDER

IT IS ORDERED that plaintiff Tyrone Davis Smith's motion for a preliminary

injunction, dkt. #14, and his motion for use of release account funds, dkt. #15, are DENIED.  This case is STAYED pending the resolution of Stapleton v. Hepp, 16-cv-406 (W.D. Wis. filed Jun. 10, 2016).

    Entered this 18th day of October, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge