IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TYRONE DAVIS SMITH,

                Plaintiff,

    v.                                                        OPINION and ORDER

RANDALL HEPP, CANDACE WHITMAN,                            17-cv-396-jdp
and JON LITSCHER,

                Defendants.[1]

Plaintiff Tyrone Davis Smith is a former prisoner at Fox Lake Correctional Institution. He is one of many current or former FLCI prisoners who filed lawsuits alleging that water at the prison contained unsafe amounts of lead, copper, and other contaminants. The court granted Smith leave to proceed on Eighth Amendment claims against defendants Randall Hepp, Candace Whitman, and Jon Litscher for failing to address a known risk to his health posed by the water. *See* Dkt. 11.[2]

Smith's case was consolidated with others into *Stapleton v. Carr*, No. 16-cv-406-jdp, and the court recruited counsel to represent the joint plaintiffs. I later granted Smith's motion to sever his case from the consolidated litigation because he was unsatisfied by recruited counsel's representation. Dkt. 90, at 2–3. I denied his motion for the court to recruit new counsel, because nothing in the record suggests that counsel provided substandard representation warranting replacement. *Id.*

[1] The caption reflects the claims presented in Smith's original individual complaint, before the case was consolidated into *Stapleton v. Carr*, No. 16-cv-406-jdp. I've amended the caption to reflect defendant Whitman's full name as provided by defendants.

[2] All docket citations are to Smith's individual case, 17-cv-396-jdp, unless otherwise noted.

A.  **Status of the court's FLCI water cases**

Smith has filed a series of motions. My response to Smith's motions is related to decisions I have made concerning the joint *Stapleton* case and the numerous other individual lawsuits by prisoners who say that they have been harmed by the FLCI water. So I will discuss those decisions to provide context for my rulings on Smith's motions.

In a February 7, 2020 order in *Stapleton*, I granted summary judgment to the current defendants in that case—current and former high-ranking officials at the DOC home office and at Fox Lake, along with grounds superintendents—on plaintiffs' claims that they consciously disregarded the risk of harm from the contaminants in the water. *See* Dkt. 160 in *Stapleton*. When I severed Smith's case from *Stapleton*, I told him that he would have to proceed on his own if the case survived summary judgment. Dkt. 90, at 2. The prisoners' conditions-of-confinement claims did not survive summary judgment in *Stapleton*. But the summary judgment decision did not resolve claims that plaintiffs received inadequate medical care for problems caused by the water.

On April 29, 2020, I held a status conference in the *Stapleton* case. The court and parties agreed that plaintiffs' medical care claims are not properly brought against the defendants in the second amended complaint. Rather, the medical care claims should be alleged against the medical officials who treated, or failed to treat, harms caused by the water. The court and parties also agreed that plaintiffs' medical care claims cannot be resolved together because each plaintiff's claims concerns his own medical history, symptoms allegedly caused by the water, and specific treatment decisions by FLCI staff. I set out a schedule for a process to gather the medical information necessary to amend the *Stapleton* complaint to include plaintiffs' medical care claims against the proper defendants, with an eye toward eventually severing each

plaintiff's claim into a separate case, to be completed without the help of court-recruited counsel. *See* Dkt. 170.

All of the plaintiffs with medical care claims about injuries caused by the FLCI water who are not currently joined in the *Stapleton* case will also proceed individually with their own cases. That includes Smith, who in his original complaint alleged that defendant Health Services Unit Manager Candace Whitman was at least partially responsible for denying his requests for bottled water despite knowing that he suffered medical problems from the water. *See* Dkt. 1, at 11–12.

Another topic at the April 29 conference in *Stapleton* concerned court-appointed medical and toxicology expert, Alfred Franzblau. Counsel in *Stapleton* will provide information to Franzblau so that he can help the court evaluate claims by the prisoners currently contesting medical care claims about problems caused by the FLCI water, whether they are part of the *Stapleton* case or not. The court anticipates that Franzblau will prepare a general expert report on medical issues that can be used in all of the FLCI water cases. But the court does not expect that Franzblau will prepare a fully detailed individual assessment of each plaintiff's claim.

## B.  Smith's motions

### 1.  Recruitment of counsel

Smith asks me to reconsider my denial of new counsel for him. Dkt. 91. He contends that counsel did a poor job of keeping him abreast of developments in the case. He says that he would not have made his main argument for severance from the *Stapleton* case—that counsel declined to challenge the late filing of the state defendants' motion for summary judgment— had he known that the motion was not nearly as late as he had originally thought: the court had granted a motion for extension of the dispositive-motions deadline, so the state defendants'

3

summary judgment motion was ultimately only three days late, not a month late as Smith had thought. *See id.* So I take Smith to now agree with counsel and the court that the three-day-late summary judgment motion didn't prejudice him. But Smith isn't asking to undo the severance of his case as a misunderstanding; he's asking the court to recruit him new counsel because counsel's failure to inform him about the extension of the summary judgment deadline shows that counsel really did provide substandard representation.

I'll deny Smith's motion for reconsideration because this misunderstanding over the extension of the dispositive-motions deadline simply isn't reason to consider counsel's representation to be substandard, nor is it reason to recruit new counsel. Another reason not to recruit counsel for Smith is that *Stapleton* will likely soon be severed, meaning that all of his former co-plaintiffs will likely also be handling their cases individually, without counsel. This court does not have the number of willing lawyers necessary to recruit counsel for each of the remining FLCI water cases.

### 2. Additional proposed findings of fact for summary judgment

Smith has filed a motion asking me to consider his own individual proposed findings of fact in addition to the *Stapleton* plaintiffs' proposed findings in considering defendants' summary judgment motion as it pertains to him. Dkt. 94. I will deny this motion because I told Smith that I'd let him proceed on his own only if the case survived summary judgment. *See* Dkt. 90, at 2. I did not ask for his separate individual input on defendants' summary judgment motion because the parties had already submitted their initial round of briefing.[3] I considered him to still be a joint *Stapleton* plaintiff for purposes of summary judgment, as

---

[3] There was a round of supplemental briefing after the joint plaintiffs' counsel received additional discovery. *See* Dkt. 147 in *Stapleton*.

evidenced by his inclusion in the caption of my February 7, 2020 order dismissing plaintiffs' Eighth Amendment conditions-of-confinement claims against high-ranking officials and grounds superintendents. In any event, Smith's individual proposed findings do not contain any new information that would make a material difference in the February 7 order. Smith includes facts about the medical problems he suffered and the treatment of those problems, but those medical care claims were not part of the *Stapleton* defendants' summary judgment motion.

To avoid any confusion, I will reiterate that Smith's conditions-of-confinement claims against defendants Hepp and Litscher are dismissed by virtue of my February 7 order in *Stapleton*, leaving only his medical care claim against defendant Whitman.

### 3. Other motions and further proceedings

Smith has submitted a request for mediation, Dkt. 95, a motion in limine, Dkt. 96, and a motion for access to a medical expert, Dkt. 107. I will deny each of those motions. It is too early in Smith's case to consider court-ordered mediation or a motion in limine for trial. As for his request for access to a medical expert, I will deny it in part because the court does not have the resources to provide each of the numerous plaintiffs with FLCI water claims with their own court-recruited counsel or experts.

But I will also grant that motion in part. It is my intention that Dr. Franzblau, the court-appointed medical and toxicology expert in *Stapleton*, will gather information from each remaining FLCI water case, including this one, so that he can prepare an expert report for use in all of the cases. At the April 29 conference in *Stapleton*, I directed counsel for the DOC defendants to ask each plaintiff with a medical care claim related to the FLCI water to authorize the release of the plaintiff's medical records, so that Franzblau can issue an expert report

analyzing these medical records along with the FLCI water testing data that has already been produced in the *Stapleton* case.

Smith should expect to receive a medical-record authorization request in late May or early June. It is not required that Smith authorize Franzblau to view his private medical records. But this is likely the only chance for Smith to have a court-appointed expert view his records. And any plaintiff who refuses to allow this court-appointed expert to view his medical records may be at risk of having his case dismissed for failing to give defendants the information they need to fairly defend themselves against the medical care claims that plaintiffs have chosen to raise in this court.

Franzblau's deadline to produce his expert report is August 20, 2020. Smith should receive a copy of Franzblau's expert report shortly thereafter. The court will wait to set further deadlines in this case until then.

ORDER

IT IS ORDERED that:

1.  Plaintiff Tyrone Davis Smith's motion for reconsideration, Dkt. 91, is DENIED.

2.  Plaintiff's motion to consider proposed findings of fact, Dkt. 94, is DENIED.

3.  Plaintiff's conditions-of-confinement claims are DISMISSED. Defendants Hepp and Litscher are DISMISSED from the case.

4.  Plaintiff's motion for mediation, Dkt. 95, is DENIED.

5.  Plaintiff's motion in limine, Dkt. 96, is DENIED.

6.  Plaintiff's motion for access to a medical expert, Dkt. 107, is GRANTED in part.

Entered May 7, 2020.

> BY THE COURT:
> /s/
> _____
> JAMES D. PETERSON
> District Judge