IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYRONE DAVIS SMITH,

                        Plaintiff,

v.                                           OPINION and ORDER

CANDACE WHITMAN,                             17-cv-396-jdp

                        Defendant.[1]

---

Plaintiff Tyrone Davis Smith, appearing pro se, is a former state of Wisconsin prisoner. Smith alleges that he has developed a number of medical problems from drinking contaminated water at Fox Lake Correctional Institution (FLCI), including tingling in his hands, heart murmur, cardiomyopathy, and low blood pressure. I granted Smith leave to proceed on an Eighth Amendment claim against defendant Candace Whitman for ignoring the risk of harm that the water posed to his health by refusing his requests for bottled water. Whitman has filed a motion for summary judgment on the ground that Smith failed to exhaust his administrative remedies for this claim. Dkt. 132. I will grant Whitman's motion and dismiss this case without prejudice.

ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the

---

[1] I have amended the caption to reflect the proper spelling of defendant Whitman's name, as shown in her submissions.

administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Whitman states that Smith filed one inmate grievance relevant to his claims here: in grievance No. FLCI-2017-10982 he alleged that his health problems were being caused by being forced to drink water contaminated with lead. Dkt. 134-2, at 10. Smith filed that grievance in mid-April 2017. The grievance was dismissed in early May 2017, Smith appealed that dismissal, and the office of the secretary dismissed Smith's appeal on June 1, 2017. *See id.* at 7–8. But Smith did not wait until the dismissal of the appeal to file this lawsuit; he filed his complaint in this court on May 24, 2017. A prisoner cannot complete the grievance process while a lawsuit is pending. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (affirming dismissal of lawsuit filed two days before prisoner completed grievance process).

Smith contends that it doesn't matter whether he exhausted the '10982 grievance before filing his complaint because he qualifies for an exception to the exhaustion rule: an

2

inmate need not exhaust the grievance process if he faces an imminent danger of serious physical injury rendering the inmate grievance system meaningless. *See Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010) ("administrative remedies that offer no possible relief in time to prevent the imminent danger from becoming an actual harm can't be thought available."). Smith says that he chose to file his complaint in late May 2017 because he had open-heart surgery on June 7, 2017, and he was concerned that he would not survive the surgery.

I agree with Whitman that Smith does not fall under the imminent-danger exception to the exhaustion requirement. The idea behind the exception is that an inmate should not be barred from seeking injunctive relief in a court if slow-moving prison-grievance procedures won't be able to give him relief from the danger he faces. *See id.* ("An administrative remedy could not be thought available to a prisoner whose grievance was that he had been told that members of the Aryan Brotherhood were planning to kill him within the next 24 hours and the guards were refusing to take the threat seriously."). Smith's open-heart surgery may have been risky but Smith did not bring a claim attempting to stop that surgery from occurring or even to prevent any acute threat to his health from the water. Rather, Smith wanted Whitman to stop forcing him to drink contaminated water, a problem that had been ongoing for years before his complaint. An extra week of exposure to the contaminated water is not the type of imminent danger to health that the court envisioned in *Fletcher*. I conclude that the imminent-danger exception to the exhaustion requirement does not apply here, so Smith failed to exhaust his administrative remedies before filing this lawsuit. I will grant Whitman's motion for summary judgment and dismiss this case.

That dismissal will be without prejudice. *Ford*, 362 F.3d at 401. Subject to the applicable statute of limitations, Smith remains free to file a brand-new lawsuit about inadequate medical care for conditions that he believes were caused by the water. But if he does, he will owe another filing fee for it. And before doing so he should consider whether his '10982 grievance or other later grievances exhausted his claims in the new lawsuit.

ORDER

IT IS ORDERED that:

1. Defendant Candace Whitman's motion for summary judgment on exhaustion grounds, Dkt. 132, is GRANTED, and this case is DISMISSED without prejudice.

2. The clerk of court is directed to enter judgment in defendant's favor and close this case.

Entered March 31, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge